IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL EARL WILSON,

        Petitioner,

v.

DON MILLS,

        Respondent.

Civil No. 2:13-cv-02325-BR

OPINION AND ORDER

SAMUEL EARL WILSON
650 NW Irving St.
Portland, OR  97209

    Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, a former inmate of the Oregon Department of Corrections who is currently serving a term of post-prison supervision, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED.

## BACKGROUND

On November 15, 2002, a Multnomah County jury convicted Petitioner on charges of Attempted Aggravated Murder with a Firearm, Burglary in the First Degree, Assault in the First Degree, Unlawful Use of a Weapon, and being a Felon in Possession of a Firearm. The jury acquitted Petitioner of a second Attempted Aggravated Murder charge and two counts of Robbery. The trial judge granted a motion for acquittal on a charge of Tampering With a Witness.

On the Attempted Aggravated Murder with a Firearm conviction, the trial court imposed the mandatory minimum sentence of 120 months and an upward durational departure sentence that doubled the 80 months presumptive guidelines sentence, for a total sentence of 160 months of imprisonment. Resp. Exh. 104, pp. 1-2. On the Assault in the Third Degree conviction, the trial court imposed a dispositional departure from a presumptive probation gridblock, to eighteen months of imprisonment, to run concurrently with the 160-month term. The court imposed the same concurrent departure

2 - OPINION AND ORDER -

sentences on the Unlawful Use of a Weapon and Felon in Possession convictions.

The trial judge found the upward departures were predicated on three factors: (1) actual violence to the victim; (2) the fact that Petitioner's previous terms of incarceration failed to deter new crimes; and (3) his drug history in conjunction with the fact the crimes for which he was convicted arose from a "drug situation." The court noted that any one of those factors would individually be sufficient to justify the upward durational departure.

On direct appeal, Petitioner challenged the imposition of the upward departures as unconstitutional under the Sixth Amendment. He relied upon the principles enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002) to argue that it was unconstitutional to impose such enhanced sentences based on aggravating factors that were neither pled nor proven to the jury. The Oregon Court of Appeals affirmed without opinion. *State v. Wilson*, 211 Or. App. 148, 153 P.3d 713 (2007). Petitioner moved for reconsideration in light of the intervening Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which the Oregon Court of Appeals denied. Resp. Exh. 109. Petitioner sought review in the Oregon Supreme Court, which was also denied. *State v. Wilson*, 344 Or. 391, 181 P.3d 770 (2008).

3 - OPINION AND ORDER -

Petitioner then filed a petition for state post-conviction relief ("PCR"). Resp. Exh. 113. In a *pro se* amended petition, he alleged dozens of claims of trial court error, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. Resp. Exh. 121. The PCR trial judge found that Petitioner had presented only five actionable claims; his remaining claims were either procedurally barred or failed to state a claim upon which PCR relief could be granted. Resp. Exh. 129. On the five actionable claims, which all concerned ineffective assistance of counsel, the PCR court found that Petitioner had failed to present any evidence to prove his claims and, therefore, had failed to meet his burden of proof. *Id.*

Petitioner appealed the denial of PCR relief, but the Oregon Court of Appeals affirmed without opinion. *Wilson v. Mills*, 254 Or. App. 344, 295 P.3d 180 (2012). He then petitioned for reconsideration, which the Oregon Court of Appeals denied. Resp. Exhs. 132, 133. Petitioner sought review from the Oregon Supreme Court, which was also denied. *Wilson v. Mills*, 354 Or. 390, 315 P.3d 421 (2013).

On December 31, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court, alleging thirteen separate grounds for relief, many with several sub-parts. This Court appointed counsel to represent Petitioner. In his counseled Brief in Support of Petition, Petitioner argues two claims: (1) that the

4 - OPINION AND ORDER -

trial court violated Petitioner's Sixth Amendment right to a speedy trial; and (2) that the trial court unconstitutionally increased portions of his sentence in violation of *Blakely*.

Petitioner then sought to withdraw the counseled brief and submit a *pro se* brief in support, which the Court allowed. Petitioner re-submitted the prior Brief in Support over his own signature, and also submitted a supplemental *pro se* Brief in Support. There, he reiterates his *Blakely* and speedy trial claims, and states briefly that his due process rights and rights to effective assistance of trial and appellate counsel were violated; Petitioner does not, however, address any specific claims.

Respondent contends that Petitioner is not entitled to relief on the claims not addressed in his Brief(s) in Support, that Petitioner procedurally defaulted his *Blakely* claim, and, that in any event, he is not entitled to relief on the merits on either his *Blakely* or his speedy trial claim.

## DISCUSSION

I.    **Relief on the Merits - Speedy Trial and *Blakely***

    A.    **Legal Standards**

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in

5 - OPINION AND ORDER -

a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Petitioner bears the burden of proof. *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011).

"Under § 2254(d)(1), a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (citing *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)) (internal quotations omitted). The Supreme Court recently reiterated the high standard of deference required by § 2254(d): "[t]his Court, time and again, has instructed that the AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *White*, 134 S. Ct. at 460 (quoting *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013)).

### B. Speedy Trial

In Ground One, Petitioner alleges that the trial court violated his federal constitutional rights to a speedy trial. The trial judge denied Petitioner's multiple motions to dismiss the

6 - OPINION AND ORDER -

indictment on speedy-trial grounds, and those rulings were affirmed on appeal.

The Supreme Court has established a four-factor balancing test for evaluating whether a defendant's Sixth Amendment right to a speedy trial has been violated: the "length of the delay, reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is "necessary or sufficient." *Id.* at 533; *see also Vermont v. Brillon*, 556 U.S. 81, 129 S. Ct. 1283, 1290 (2009).

To obtain habeas relief on a speedy trial violation claim, a petitioner must show the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Harrington*, 131 S. Ct. at 786-87. "Because the *Barker* [*v. Wingo*] standard is a general, multi-factored standard, 'a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.'" *Taylor v. Roper*, 561 F.3d 859, 863 (8th Cir. 2009) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Here, approximately 20 months elapsed from the time that petitioner was initially indicted (March 1, 2001), to the time that he was brought to trial (November 12, 2002). A 20-month delay is sufficient to trigger an inquiry under *Barker*. *See Doggett v.*

7 - OPINION AND ORDER -

*United States*, 505 U.S. 647, 652 (1992) (courts have generally found delays approaching one year to be "presumptively prejudicial" to trigger *Barker* inquiry); *United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993) (20 month delay more than sufficient to trigger speedy trial inquiry under *Barker*).

The record reflects that a major portion, if not all, of the delay was not attributable to the state. On several occasions, Petitioner or his attorneys requested continuations, often as a result of Petitioner's refusal to cooperate with his attorneys and Petitioner's filing of actions and other pleadings which created conflicts with his attorneys. Other major delays resulted from two aid-and-assist evaluations precipitated by concerns on the part of both Petitioner's trial attorneys and the trial court about his ability to focus on issues relevant to his defense and provide aid and assistance at his trial. In both instances, Petitioner insisted on being evaluated at the Oregon State Hospital rather than undergoing evaluation by a local consultant, which resulted in several months of delay.

Moreover, Petitioner has not established that he suffered prejudice from the delay. At one point Petitioner asserted that the delay prejudiced his ability to present a defense because witnesses who would have testified had been lost, but he never presented evidence as to the identity of those witnesses, availability for trial, or what testimony they would have provided

8 - OPINION AND ORDER -

in support of his defense. Indeed, one of Petitioner's numerous attorneys told the trial court that Petitioner did not even know who the alleged witnesses were, and could not give the attorney any names.

The trial court's rejection of Petitioner's speedy trial claim was reasonable under *Barker*. Although the 20-month delay triggers an inquiry under *Barker*, that inquiry demonstrates that the delay was not attributable to the state and, more important, that Petitioner was not prejudiced thereby. Accordingly, Petitioner is not entitled to relief on the claim alleged in Ground One.

C. ***Blakely***

In Ground Seven, Petitioner contends that the trial court erroneously applied an upward departure based on judicial fact finding in violation of *Blakely*.[1] In *Blakely*, the Supreme Court held that all facts that increase the maximum sentence, including

---

[1] Respondent argues Petitioner procedurally defaulted this claim because he did not object to the upward departure during sentencing, and instead waited to raise it on direct appeal as plain error. Under *Smith v. Oregon Board of Parole and Post-Prison Supervision*, 736 F.3d 857 (9th Cir. 2013), Respondent's position is doubtful. In any event, because I find Petitioner is not entitled to relief on the merits of this claim, the issue of procedural default need not be addressed. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 778 n.10 (9th Cir. 2012) (exercising discretion afforded under § 2254(b)(2) to decline to address procedural default issue where relief denied on the merits), *cert. denied*, 133 S.Ct. 2766 (2013).

9 - OPINION AND ORDER -

departure factors in a determinate sentencing scheme, must be found by a jury and not a judge. *Blakely*, 504 U.S. at 303-04.

Sentencing errors are subject to the harmless error analysis and, therefore, the inquiry turns to whether the trial court's *Blakely* violation was harmless. *Washington v. Recuenco*, 548 U.S. 212, 220-21 (2006); *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008). The Supreme Court has "repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a [habeas petitioner] to automatic reversal. instead, most constitutional errors can be harmless." *Recuenco*, 548 U.S. at 218. In the context of a *Blakely* error, then, a court may grant relief only if there is "'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler*, 528 F.3d at 648. The long-standing rule to "examine the whole record for harmless error to assist [the court] in determining what evidence the parties would have introduced at trial had the issue been properly presented" applies to *Blakely* violations. *Estrella v. Ollison*, 668 F.3d 593, 599 (9th Cir. 2011).

After a careful review of the record, I conclude the trial court's *Blakely* error was harmless. The trial judge here imposed the upward departure based on three factors, but explicitly noted that any one of the factors would individually be sufficient to justify the upward durational departure. One of the factors cited

by the judge was "actual violence towards the victim," which was based upon the jury's determination that Petitioner had "used or threatened the use of a firearm in the course of committing Attempted Aggravated Murder." Tr. 1/31/03, p. 51. The court reasoned that to be convicted of Attempted Aggravated Murder the use of a firearm is not necessary, but that "[i]n fact, what happened here is that the jury found that [Petitioner] did pull the trigger of a shotgun. And I find that to be an aggravating factor. It is the--it is the actual violence towards the victim." *Id*.

The state's only theory was that Petitioner had actually fired a shotgun through a door at the victim. While Petitioner could have been convicted of the Attempted Aggravated Murder charge if he had not actually fired the shotgun, no alternative evidence was presented. Moreover, the jury specifically found that Petitioner used or threatened the use of a firearm against the victim. Under these circumstances, it is highly unlikely that the jury would not also have found beyond a reasonable doubt that Petitioner had used actual violence against the victim, one of the upward departure factors relied upon by the trial judge. Petitioner has not established "grave doubt"" that a jury would have found this departure factor. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Seven.

11 - OPINION AND ORDER -

## II. Unsupported Claims

As noted, in his supporting briefs Petitioner does not address the remaining claims alleged in his Petition. In an application for habeas relief, a petitioner bears the burden of proof. *Pinholster*, 131 S. Ct. at 1398. I have reviewed the remaining claims, and am satisfied Petitioner is not entitled to relief. Accordingly, because Petitioner has failed to sustain his burden of providing that habeas relief is warranted on these claims, relief is denied. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this action is DISMISSED.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 3rd day of March, 2017.

                                                ANNA J. BROWN
                                                United States District Judge